# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JODY BACON,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:09-cv-00245-LRH-RAM

<u>ORDER</u>

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (#8) and attachments submitted in response to the prior screening order (#5), on petitioner's two applications (##9 and 10) to proceed *in forma pauperis*, and his motion (#11) for appointment of counsel.

Petitioner failed to fully comply with the Court's prior order, which stated in pertinent part:

> IT FURTHER IS ORDERED that the petitioner shall attach with the amended petition copies of: (a) *all papers filed in the state district court presenting the claims alleged in the amended federal petition*; (b) the findings, conclusions, and order of the state district court; (c) *all papers filed in the state supreme court on state post-conviction review presenting the claims alleged in the amended petition*; (d) *the briefing on direct appeal*; and (e) the decision of the state supreme court on direct appeal. *Petitioner need not attach another set of the copies attached with the original petition.*
>
> *This action will be dismissed without further advance notice if petitioner fails to both fully and timely comply with this order.*

#5, at 3-4 (emphasis added).

1    Petitioner attached with the amended petition some, but not all of the materials ordered by the
2 Court. He attached copies of the state district court's decision on state post-conviction review and the
3 state supreme court decision on direct appeal. He did not attach, however, copies of the papers filed
4 in the state district court and state supreme court on state post-conviction review presenting the claims
5 in the amended federal petition, and he did not file copies of the direct appeal briefing. Petitioner
6 otherwise did not appear to have any difficulty filing copies of documents. He attached with the
7 amended petition another set of approximately 200 pages of copies that were attached with the original
8 petition, despite the Court's statement that he need not do so.

9    Petitioner must comply fully with all court orders. The Court will give petitioner one last
10 opportunity to comply with the prior order. If he fails to respond – or if he again only partially complies
11 with the order – this action will be dismissed without further advance notice.

12    The two applications proceed *in forma pauperis* will be denied. The filing fee has been paid,
13 and it appears that the only reason that the applications were submitted was to demonstrate financial
14 eligibility for appointment of counsel. The applications in any event are incomplete. Both an inmate
15 account statement and a financial certificate that is properly executed by an authorized institutional
16 officer are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2. Petitioner attached a financial
17 certificate with the applications, but he did not attach an inmate account statement for the past six
18 months. Both are required for a properly completed application.

19    The motion for appointment of counsel also will be denied, under the standards discussed in the
20 Court's prior order (#7) denying petitioner's earlier motion for appointment of counsel. Even if it were
21 to assume, *arguendo*, that petitioner is financially eligible for appointment of counsel, the Court is not
22 persuaded that the interests of justice require the appointment of counsel in this matter.

23     Petitioner again relies upon this Court's decision, through Judge Reed, in *Koerschner v.*
24 *Warden*, 508 F.Supp.2d 849 (D.Nev. 2007), which concerns legal resource issues at the Lovelock
25 Correctional Center at the time of that decision. However, as the Court noted in the prior order (#7),
26 Judge Reed indicated therein that he would view the legal resource issues at Lovelock at that time not
27 as a categorical basis for appointment of counsel but instead "as a strong factor weighing in favor of
28 appointment of counsel in other habeas cases before this Court that present nonfrivolous claims and that

potentially may proceed to service of the petition." 508 F.Supp.2d at 861-62. At present, this action currently is postured for dismissal due to petitioner's failure to comply with the Court's prior order. Even if petitioner avoids dismissal for noncompliance, the Court is not persuaded – following preliminary review of the amended federal petition, the state supreme court's decision on post-conviction review, and the transcripts filed by petitioner – that the interests of justice require the appointment of counsel with regard to the claims presented.

IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall fully comply with the Court's prior order (#5), such that he shall file a supplemental exhibit containing copies of: (1) all papers filed in the state district court presenting the claims alleged in the amended federal petition, including, but not limited to, any state post-conviction petitions, post-judgment motions, and/or supporting memoranda; (2) all papers filed in the state supreme court on state post-conviction review presenting the claims alleged in the amended petition, including, but not limited to, any briefing filed in the state supreme court; and (3) the briefing on direct appeal. Petitioner need not attach another set of the copies attached with the original and amended petitions.

IT FURTHER IS ORDERED that petitioner's two applications (##9 and 10) to proceed *in forma pauperis* and his motion (#11) for appointment of counsel all are DENIED.

This action will be dismissed without further advance notice if petitioner again fails to both fully and timely comply with the Court's orders. This is the last order that petitioner will receive prior to dismissal.

DATED: February 2, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE